(July 6, 1925.)

STATE, on the Relation of E. M. HOOVER, Commissioner of Public Investments, Plaintiff, v. MABEL S. STUART, County Treasurer and *Ex-officio* Tax Collector of Power County, Idaho, Defendant.

[238 Pac. 305.]

TAXATION—TAX DEEDS—EFFECT—REDEMPTION FROM TAX SALE—WRIT OF MANDATE—WHEN ISSUED.

    1. Under C. S., sec. 3263, as amended by Session Laws 1921, chap. 232, a tax deed issued to the county conveys to it title to the real estate therein described, subject, among other things, to any lien for taxes which may have attached subsequently to the assessment of those taxes on account of the delinquency of which the deed is issued.

    2. Where under the provisions of Session Laws 1923, chap. 161, the state of Idaho offers to redeem from tax deed for delinquent taxes for the year 1920, real property upon which it has a mortgage, and makes tender of the proper amount due, and the property has not been disposed of by the county, the treasurer and *ex-officio* tax collector may not make the payment of delinquent taxes for years subsequent to 1920 a condition precedent to the redemption of the real property from delinquent taxes for the year 1920 and the issuance of tax deed in evidence of such redemption.

    3. Writ of mandate will lie to compel county treasurer and *ex-officio* tax collector to issue tax deed to party entitled to redeem tendering proper amount to redeem real property from tax deed for delinquent taxes for the year 1920, where the county at time of tender had not disposed of the property, the officer having no legal right to refuse such tender.

Original application for alternative writ of mandate. Alternative writ issued, and after hearing on demurrers to application and answer, peremptory writ issued.

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Plaintiff.

Property may be redeemed from 1920 taxes at any time before the county disposes of the property without paying

taxes for other years. (Chap. 161, Laws of 1923; *Washington County v. Paradis,* 38 Ida. 364, 222 Pac. 775.)

R. S. Anderson, for Defendant, cites no authorities on points decided.

BUDGE, J.—On November 1, 1916, W. B. Jacobs and his wife executed and delivered to the state of Idaho their promissory note for $1,000. This note was secured by a mortgage on certain real property in Power county. In this mortgage it was stipulated that the state might, in order to protect its lien, pay any taxes which became delinquent by default of the mortgagor. Taxes on the property covered by this mortgage became delinquent for the years 1920 to 1924, inclusive. Power county purchased the mortgaged property for the delinquent taxes of 1920 to 1924, inclusive, and has received from the tax collector a tax deed for the delinquent 1920 taxes, but has not disposed of the property. The commissioner of the department of public investments, on behalf of the state as mortgagee, has tendered to the defendant tax collector of Power county the amount of taxes, accruing interest and costs for the year 1920, and has demanded a tax deed. The tax collector has refused to accept the tender and execute the tax deed, but demands that the taxes for all the years in which they have become delinquent be paid as a condition to the issuance of the tax deed.

This action arises on the application of the commissioner of the department of public investments for a writ of mandate commanding the defendant treasurer and *ex-officio* tax collector to accept the tender of delinquent taxes and interest thereon for the year 1920, and to issue to plaintiff the proper receipts and a tax deed therefor. The alternative writ was issued, the defendant demurred and answered, and hearing was had on demurrers both to the application and the answer.

The question at issue in this case is whether the state of Idaho, as mortgagee, may redeem the property from the 1920

tax sale and receive tax deed therefor, without at the same time paying taxes and accrued interest for the years 1921 to 1924, inclusive.

Counsel for defendant admits that the decision of this court in *Washington County v. Paradis,* 38 Ida. 364, 222 Pac. 775, would be controlling under the facts stated as between the county and an individual property owner and taxpayer, but contends that the state is in a different position, for the reason, as alleged, that a tax deed to the state would give it absolute title and take the property off the tax-rolls of the county, leaving the county remediless.

This contention of defendant appears to be disposed of by C. S., sec. 3263, as amended by chap. 232, 1921 Session Laws which reads as follows: ·

"The deed conveys to the grantee the absolute title to the land described therein, free of all encumbrances except mortgages of record to the holders of which notice has not been sent as provided in section 3258 and except any lien for taxes which may have attached subsequently to the assessment."

The words "except any lien for taxes which may have attached subsequently to the assessment" clearly preserve the county's lien for subsequent delinquencies. In fact the exceptions enumerated in the statute obviously prevent such a tax deed from conveying absolute title in the instant case. The county's lien for the delinquencies from 1921 to 1924, inclusive, would not be impaired by a tax deed from the county to the state as redemptioner of the 1920 taxes.

So far as the issue presented by this case is concerned the state is in no different position from that of any other party in interest to whom the statute gives the right of redemption. The terms of its mortgage give the state the right to pay delinquent taxes on the mortgaged property, in order to protect its lien, and to add the amount so paid to the debt for which the property is security. In doing this the state acted not only in its own interest for the preservation of its security, but also in the interest of the mortgagor, to the end that his equity in his property might not be lost on ac-

count of the 1920 tax sale. The mortgagor is not complaining in this action. As to whether the state, by paying all of the delinquencies, might acquire absolute title and dispense with foreclosure proceedings, is not in question here.

The demurrer to application for the writ should be overruled and a peremptory writ of mandate issue.

Let writ issue accordingly.

William A. Lee, C. J., Wm. E. Lee, Givens and Taylor, JJ., concur.