(No. 4788.  September 6, 1927.)

## E. E. HUNT, Appellant, v. CITY OF ST. MARIES, a Municipal Corporation, et al., Respondents.

[260 Pac. 155.]

TAXATION — GENERAL TAXES — SPECIAL ASSESSMENTS — TAX DEED AS CONVEYANCE, EFFECT—CONSTITUTIONAL LAW—PLENARY POWERS OF LEGISLATURE, EFFECT.

1.   Under C. S. 1919, sec. 3263, as amended by Laws 1921, chap. 232, providing that tax deed conveys title free of all encumbrances except recorded mortgages, holders of which were not given notice, and any lien of "taxes" which attached subsequent to the assessment, though by provision of section 5385 the term "encumbrances" includes taxes, assessments and all liens, and though section 4007 provides that, whenever any cost of work is assessed on land, the amount shall become a lien on it, which shall take precedence of all other liens, yet it being apparent that the words "special assessments," "special tax," and "taxes" are used interchangeably in sections 3263, 3942, 3944, 3999, 4007, 4013, 4014, 4017, all of which, with the exception of section 3263, have direct reference to taxes, special assessments, special taxes and special tax assessments levied by municipalities, and must be read and construed *in pari materia,* liens for local improvements are not discharged by tax sale, where they attached subsequent to the assessment for taxes on account of which the property was sold.

2.   The powers of the legislature in matters of taxation being plenary, except as limited or restricted by the constitution, it is the duty of the courts to uphold and give effect, as far as possible, to its enactments.

---

Publisher's Note.

  See Constitutional Law, 12 C. J., sec. 220; p. 787, n. 96.
  Statutes, 36 Cyc., p. 1147, n. 30.
  Taxation, 37 Cyc., p. 1478, n. 80.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. Chas. L. Heitman, Judge.

Action to enjoin collection of special improvement assessments and to quiet title to real estate. Judgment dismissing plaintiff's action. *Remanded, with directions.*

Everett E. Hunt, for Appellant.

The plaintiff bases his contention that he is entitled to the relief as prayed for in plaintiff's complaint particularly under C. S., sec. 3263, as amended by the Laws of 1921.

"The term 'encumbrances' includes taxes, assessments and all liens upon real property." (C. S., sec. 5385.)

The general taxes are made a paramount lien and special improvement taxes are a subsequent lien. This provision is consistent and certainly two different taxing bodies could not have an equal right or lien on the property, and *a fortiori* a special improvement could not supersede or be prior to a general tax.

That the general taxes are prior and that the city assessments are subsequent to such general taxes has been held in a long line of authorities. (*Pennsylvania Co. v. City of Tacoma,* 36 Wash. 656, 79 Pac. 306.)

"We have so often decided that the lien for general taxes is paramount to all other claims and liens, including the lien for assessments for local improvements that the case is no longer one obtaining concern in this court." (*McMillan v. Tacoma,* 26 Wash. 358, 67 Pac. 68; *Keene v. Seattle,* 31 Wash. 202, 71 Pac. 769; *State ex rel. Craver v. McConnaughey,* 31 Wash. 207, 71 Pac. 770; *Ballard v. Way,* 34 Wash. 116, 101 Am. St. 993, 74 Pac. 1067.)

In *Ballard v. Way,* 34 Wash. 116, 101 Am. St. 993, 74 Pac. 1070, the court said: "The lien for general taxes is superior to that of a special assessment for street improvement, so that the latter lien cannot be foreclosed against a purchaser at a foreclosure sale under the general lien."

(*Booth v. Clark,* 42 Ida. 284, 244 Pac. 1099; *Elliott v. Mc-Crea,* 23 Ida. 524, 130 Pac. 785.)

The supreme court of this state has repeatedly laid down the rule that where two statutes are irreconcilable and inconsistent, the subsequent statute repeals the earlier one by implication. (*Peavey v. McCombs,* 26 Ida. 142, 140 Pac. 965; *Brady v. Place,* 41 Ida. 747, 242 Pac. 314, 243 Pac. 654.)

Ed. S. Elder, for Respondents.

"The priority of the tax lien depends upon statutory provision establishing it, and will be implied only when the legislative intent to give priority can be gathered from the statute; but unless the legislative intent is clear, the court will not by instruction give tax lien preference over other prior encumbrances and conveyances." (26 R. C. L. 360, 361.)

As between taxes assessed by the state, county, city and town there is no preference granted to the taxes of the larger and more important government subdivision; but liens for all of such taxes are equal. (26 R. C. L. 361; *Kentucky Land & Investment Co. v. Fitch,* 144 Ky. 273, Ann. Cas. 1913A, 672, 137 S. W. 1040.)

Private purchaser of general tax certificate of delinquency does not acquire lien superior to lien of the city for local assessments; though certificate of delinquency, while held by the county, was superior to such lien. (*City of Seattle v. Equitable Bond Co.,* 126 Wash. 111, 217 Pac. 721.)

We submit that the construction that should be placed upon said tax deed is one only defining the quality of the estate conveyed, and not intending to shut off other lawfully levied tax liens. (*City of Indianapolis v. City Bond Co.,* 42 Ind. App. 470, 84 N. E. 20.)

R. W. Katerndahl, *Amicus Curiae.*

The construing of our statutes as to priority of general tax liens and special assessment liens must of necessity de-

termine the soundness of appellant's contention, for only on the basis of such statutory priority can appellant sustain his construction of C. S., sec. 3263.

In every instance wherein the lien of special assessments is defined, the legislature, without limitation or exception, makes such lien a prior lien to all other liens. It was doubtless obvious to it that unless special assessments were made paramount liens, the improvement, sanitation and upbuilding of the cities and towns of Idaho would be seriously hampered and unduly burdensome. (C. S., secs. 4007, 4133, 4163.)

The term "taxes" as found in C. S., sec. 3263, is used in its broad meaning and includes both general taxes and special assessments. Both Cooley on Taxation and Page & Jones on Taxation, and the large number of authorities cited therein, hold that the term "taxes" is used in a broad sense, meaning both general taxes and special assessments, and again in its narrower sense meaning general taxes. (1 Cooley on Taxation, 4th ed., sec. 31, p. 106; 1 Page & Jones on Taxation, sec. 41 (see note to sec. 41, citing many authorities); *Los Angeles County Flood, etc., v. Hamilton,* 177 Cal. 119, 169 Pac. 1028.)

In the case of *Bell v. City of New York,* 66 App. Div. 579, 73 N. Y. Supp. 298, under facts strikingly similar to those in the case at bar, the court sustained the lien for special assessments. The statute of New York provided that a tax sale conveyed an absolute title, barring the owner and all persons having an interest in the land, and under these provisions the land was sold for general taxes. The New York court held that the words "shall remain a lien until paid," as used in the law relative to special assessments, made special assessment liens of equal priority with general tax liens. Interpreting the words, "shall remain a lien until paid," the court determined that they were a fixing of priority. And it is our contention that the concluding phrase of C. S., sec. 3097, definitely fixes the status of local improvement assessment liens.

BUDGE, J.—Appellant instituted this action against the City of St. Maries, Benewah county, and tax collecting officials, for the purpose of enjoining the collection of certain assessments for special improvements against, and to remove clouds on title to, certain real estate. The property had been sold to appellant by Benewah county at tax sale, on July 16, 1923, for general taxes due from the prior owner for the year 1919. At the time the property was so sold to appellant there were certain local improvement assessments against it, levied by the City of St. Maries, some of which had become due prior to the date of maturity of the general taxes for 1919, and others which had not become delinquent at the time the property was conveyed to appellant by tax deed.

[1] The vital question raised under the pleadings in the lower court, and now here for determination, is whether or not the sale of the property for general taxes shuts off special improvement assessments and frees said property from any and all liability for the payment of the local improvement assessments, due or to become due.

Appellant predicates his contention that by the tax deed executed to him he thereby obtained title to the particular property free and clear of all encumbrances, including all assessments for special improvements levied by the City of St. Maries, upon the provisions of C. S., sec. 3263, as amended by Sess. Laws 1921, c. 232, reading as follows:

"Effect of Tax Deed as Conveyance. The deed conveys to the grantee the absolute title to the land described therein, free of all encumbrances except mortgages of record to the holders of which notice has not been sent as provided in Section 3258 and except any lien for taxes which may have attached subsequently to the assessment."

C. S., sec. 5385, provides that:

"The term 'encumbrances' includes taxes, assessments, and all liens upon real property."

A reasonable interpretation of the foregoing statutory provisions, upon which the validity and effect of the tax deed

executed to appellant must depend, as well as others to which attention will be hereinafter directed, would seem to warrant the conclusion that by the deed of the county, appellant received title to the land conveyed free and clear of the special improvement assessments levied by the City of St. Maries and maturing *prior* to the assessment of the taxes on account of the delinquency of which the property was sold, but that whatever of such special improvement assessments attached to the property as liens *after* the assessment of the taxes on account of the delinquency of which the property was sold (viz., taxes for 1919), remained liens against the property and were and now are subject to be paid.

From an examination of the following sections of the Compiled Statutes 1919, it is apparent that the legislature, in the enactment of sec. 3263 and secs. 3942, 3944, 3999, 4007, 4013, 4014 and 4017, used the words "special assessments," "special tax," and "taxes," interchangeably. The above enumerated sections, with the exception of sec. 3263, have direct reference to taxes, special assessments, special taxes and special tax assessments levied by municipalities, and must be read and construed *in pari materia*, and when so construed in connection with sec. 3263 we are satisfied that it was not the legislative intent that the language used in sec. 3263 should be given literal effect; and we are likewise convinced that sec. 4007 should not receive a literal construction, said last section providing that whenever any expense or cost of work shall have been assessed on any land the amount of said expenses shall become a lien upon said lands, which shall take precedence of all other liens. If sec. 3263 were literally construed, any and all special assessments or taxes levied by a municipality would be discharged by the sale of the land for nonpayment of general taxes. It is clear, from a consideration of the foregoing sections, that excepted from the effect of a tax deed under the provisions of C. S., sec. 3263, are liens for local improvement assessments which may have attached subsequently to

44 Idaho—45

the assessment for taxes on account of which the property is sold.

[2] The question is primarily one of statutory construction and legislative intention, and, based upon a reasonable construction of relevant statutory provisions, it is thought that the expressed will of the legislature to require property which has received the benefit of improvements to bear a just proportion or share of the expenses thereof should, in so far as the statutes permit and require, be upheld and enforced. In matters of this kind the powers of the legislature are plenary, except as limited or restricted by the constitution, and it is the duty of courts to uphold and give effect, as far as possible, to its enactments. (*Achenbach v. Kincaid*, 25 Ida. 768, 140 Pac. 529.)

Under the issues of the case as made, we are not concerned with and do not pass upon whatever rights may be possessed by, or remedies inure to, holders or owners of bonds of special improvement districts.

The cause is remanded, with directions to the trial court to enter judgment in conformity with the views herein expressed. No costs awarded.

Givens and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., and Taylor, J., concur in the conclusion reached.