(No. 5051.   March 22, 1928.)

ARCHIE M. LARSON, HARRY W. WULFF and FRANK
E. SMITH, Appellants, v. GEORGE E. GILDEROY,
Treasurer and *Ex-officio* Tax Collector of Washington
County, Idaho, Respondent.

[267 Pac. 234.]

TAXATION—TAX DEED—TITLE—SUBSEQUENT TAXES.

1. Purchaser from county of land which county bid for un-
paid and delinquent taxes *held* not entitled to restrain collec-
tion of delinquent taxes for years subsequent to date of
assessment under which tax sale was had and prior to such
sale, since tax deed under C. S., sec. 3263, as amended by Laws
1921, chap. 232, is subject to lien for taxes attaching subse-
quently to assessment under which sale is had, in absence of
contrary statute.

2. Effect of tax sale as transfer of title, or rights of pur-
chaser and validity of his title, are to be determined by the
law in force at time sale was made, which law constitutes
contract between state and purchaser, terms of which cannot be
impaired by subsequent legislation.

APPEAL from the District Court of the Seventh Judi-
cial District, for Washington County. Hon. B. S. Varian,
Judge.

Action to restrain tax collector from attempting to col-
lect taxes on land and from issuing tax deed to county for
unpaid taxes. Judgment dismissing complaint. *Affirmed.*

George Donart, for Appellants.

When a tax deed issues to a county by reason of the
delinquency of taxes levied or assessed for any given year,
the lien which the county has on said property for taxes
levied and assessed for subsequent years becomes merged in
the title which the county acquires by virtue of a tax deed.

Publisher's Note.
Taxation, 37 Cyc., p. 1478, n. 77.

(21 C. J. 1033; *Dilts v. Brooks,* 66 Mont. 161, 213 Pac. 600; *Pitts Banking Co. v. Fenn,* 160 Ga. 854, 129 S. E. 105; *Purdoms v. Broach,* 210 Ky. 161, 275 S. W. 365.)

D. L. Carter, J. W. Galloway and Ed. R. Coulter, for Respondent.

When the tax deed issued to the county, by reason of the delinquency of the tax levied against the lands for the year 1918, the lien which the county obtained on the property for taxes and assessed for the years subsequent to 1918 did not become merged in the title which the county acquired by virtue of the tax deed; and when the county subsequently sold the land to the plaintiffs and appellants, they acquired such lands subject to the lien of the unpaid taxes against same for the years subsequent to 1918. (1913 Sess. Laws, chap. 58; 1917 Sess. Laws, chap. 151; 1919 Sess. Laws, chap. 77, sec. 23; C. S., secs. 3097, 3263; 37 Cyc., pp. 724, 1468, 1469, 1477, 1478; C. S., chap. 144; Cooley on Taxation, 4th ed., secs. 1418, 1490.)

C. W. Poole, *Amicus Curiae.*

When Washington county became the owner of the land, by virtue of the tax deeds based upon the taxes for 1918, all liens for taxes subsequent to 1918, and which were delinquent at the time the tax deeds were executed, became merged in the county's title, subject only to the right of the prior owner and others interested to redeem, and all rights and interests of the county passed by the sale and conveyance to appellants. (C. S., sec. 3423, same sec. as amended 1925 Sess. Laws, chap. 180, p. 330; as amended, 1927 Sess. Laws, chap. 159, p. 213; 2 Jones on Mortgages, 7th ed., sec. 848; Tiffany on Real Property, 2d ed., sec. 34, p. 89; secs. 640, pp. 2604, 2615; C. S., secs. 3226, 3241, 3246, 3256, 3261, 3262, 3263, 5377.)

C. L. Hillman and W. A. Ricks, *Amici Curiae.*

The sale of land for the taxes of one year does not affect, as a general rule, the liability of the land to be sold for

taxes of a later year. (*Anderson v. Rider*, 46 Cal. 134; *Chandler v. Dunn*, 50 Cal. 15; *Wall v. District of Columbia*, 6 Mackey (D. C.), 194; *Board of Regents v. Linscott*, 30 Kan. 240, 1 Pac. 81; *McAlister v. Anderson*, 27 La. Ann. 425; *Keen v. Sheehan*, 154 Mass. 208, 28 N. E. 150; *Excelsior Springs v. Henry*, 99 Mo. App. 450, 73 S. W. 944; *Hunt v. St. Maries*, 44 Ida. 700, 260 Pac. 155; C. S., sec. 3263; 26 R. C. L. 404; *State v. Stuart*, 41 Ida. 126, 238 Pac. 305.)

BUDGE, J.—This action was brought by appellants against respondent, as treasurer and *ex-officio* tax collector of Washington county, to restrain respondent, his agents and successors in office from attempting to collect state, county and municipal taxes assessed against certain lands described in the complaint, for the years 1919, 1920 and 1921, and from issuing any tax deed to Washington county by reason of any unpaid taxes levied or assessed against said lands for the years above named.

The complaint alleges that Washington county acquired title to two certain tracts of land by tax deeds issued January 14, 1922, and April 17, 1922, by reason of taxes levied and assessed against said lands for the year 1918; that appellants acquired the tracts by purchase from Washington county, said tracts being sold by the county in the manner provided by law, and deeds thereto having been duly executed by the county to appellants on June 7, 1926, and August 6, 1926. It is further alleged in the complaint that state, county and municipal taxes were assessed against the lands for the years 1919, 1920 and 1921, and that such taxes have not been paid, and that notwithstanding the issuance of deeds to appellants, the respondent, in his capacity as treasurer and tax collector of Washington county, threatens that unless such taxes for the years 1919, 1920 and 1921 are paid by appellants, to execute tax deeds to the lands to Washington county.

C. S., sec. 3263, as amended by Sess. Laws 1921, chap. 232, p. 520, reads as follows:

"Effect of Tax Deed as Conveyance. The deed conveys to the grantee the absolute title to the land described therein, free of all encumbrances . . . . except any lien for taxes which may have attached subsequently to the assessment."

This statute is not ambiguous or uncertain in so far as the question here presented is concerned. A reasonable interpretation of the statute leads to the conclusion that a tax deed executed to a county at tax sale conveys to the county absolute title to the lands free of all encumbrances except any lien for taxes which may have attached subsequently to the assessment on account of the delinquency of which the land was sold.

[1] Washington county acquired these particular lands by reason of the failure of the then owner or owners to pay taxes thereon for 1918. Deeds were issued by the tax collector and delivered to Washington county in January and April, 1922. The lands were regularly assessed for state, county and municipal taxes for the years 1919, 1920 and 1921 while still standing in the names of the same owners. Taxes for these latter years have not been paid. They are outstanding liens, and were such at the time appellants received their deeds from Washington county, and the county conveyed only the title it received.

The question here presented is primarily one of statutory construction. There is no intrinsic reason why the statute involved should not be so construed as to make the lands purchased from a county, acquired by reason of the failure of prior owners to pay taxes duly and regularly assessed, responsible for taxes assessed subsequent to the taxes on account of the delinquency of which the property is sold. (*State v. Stuart,* 41 Ida. 126, 238 Pac. 305.) The sale of land for the taxes of one year does not, in the absence of statute to the contrary, affect the liability of the land sold for the taxes of a later year and assessed prior to such sale. The parcels of land sold by Washington county to appellants were duly and regularly assessed for state, county and municipal taxes for the years 1919, 1920 and 1921,

prior to the sale to the county of the tracts by reason of the delinquency or failure of the then owner or owners to pay taxes for 1918.

[2] Questions concerning the effect of a tax sale as a transfer of title, or the right of the purchaser and the validity of his title, are to be determined by the law in force at the time the sale was made, which law indeed constitutes a contract between the county and the purchaser, the terms of which cannot be impaired by subsequent legislation. (37 Cyc. 1468, 1469.)

From what has been said it follows that the trial court did not err in sustaining respondent's demurrer. The judgment is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.