(No. 5695.  March 2, 1931.)

LEONARD HEFFNER and SUSIE HEFFNER, Appellants, v. JANET A. KETCHEN, Treasurer and *Exofficio* Tax Collector of Ada County, Idaho, CHARLES A. RIDDLE et al., as the Board of County Commissioners of Ada County, Idaho, and E. E. LISTER et al., as Commissioners of Drainage District No. 2 of the County of Ada, in the State of Idaho, Respondents.

[296 Pac. 768.]

T. L. Martin, for Appellants.

Carl A. Burke and Charles F. Reddoch, for Respondents.

VARIAN, J.—This case involves the construction of statutes relating to the sale of real property by a county. There is no dispute as to the facts.

Appellants are the owners of the land upon which the taxes hereinafter mentioned were levied, and brought this

action against the Treasurer and *Ex-officio* Tax Collector of Ada County, the County Commissioners of said county, and the Commissioners of Drainage District No. 2 of Ada County, the land involved being situate in said drainage district. The purpose of the action was to have the taxes, including said drainage district assessments for the years 1924, 1925, 1926, 1927, 1928 and 1929, declared not to be a lien upon appellants' lands; that the defendant Treasurer be enjoined from issuing a tax deed for delinquencies for the years 1926 and 1927, or the other years mentioned; that it be adjudged that when the property was conveyed by Ada County to Albert Heffner (immediate grantors of plaintiffs, Leonard and Susie Heffner) the title vested free of all liens ''of taxes and assessments which had been levied against said property subsequent to the 5th day of January, 1925, and that title be quieted in appellants, etc.''

Ada County and its officers defaulted and the cause was heard upon the answer of the Commissioners of Drainage District No. 2, resulting in findings and decree in favor of said defendants. Plaintiffs appeal.

The following taxes and assessments were levied against the property now owned by the Heffners for the year 1924, to wit:

| | |
|---|---|
| State tax | $ 15.00 |
| Ada County tax | 22.14 |
| School District No. 25 | 28.50 |
| Drainage District No. 2 of Ada County, Assessments | 226.00 |
| Total | $291.64 |

These taxes became delinquent in December, 1924. There was no redemption and tax deed issued to Ada County on January 12, 1929. Thereafter, Ada County sold said property at public auction to Albert Heffner for $466.12 and conveyed the same to him by deed. Said Albert Heffner in turn conveyed the land to appellants, Leonard and

Susie Heffner. The published notice of sale contained the following statement, viz.: "Said sale made subject to all special taxes." As no claim of prejudice is urged on account thereof we shall not consider any bearing this statement might otherwise have on the matters in issue here.

All of the taxing units heretofore mentioned continued to levy taxes and assessments against the property for the years 1925, 1926, 1927, 1928, and Drainage District No. 2 alone levying for the year 1929. When the county received its tax deed in January, 1929, all state, county and school district taxes for the years 1928 to 1929, both inclusive, were canceled by order of the Board of County Commissioners of Ada County, leaving the delinquent drainage district assessments, uncancelled and unpaid, as follows:

| Year | Certificate No. | Date | Amount |
|------|-----------------|------|--------|
| 1925 | 7363 | January 4, 1926 | $197.98 |
| 1926 | 7593 | January 3, 1927 | 188.73 |
| 1927 | 7873 | January 2, 1928 | 233.94 |
| 1928 | 7709 | January 7, 1929 | 244.87 |
| 1929 | 7717 | January 6, 1930 | 152.18 |

On September 16, 1930, the County Treasurer published notice that unless the delinquent taxes and assessments for the years 1926 and 1927 were paid on or before January 3, 1931, respectively, she would issue tax deed to Ada County for the property.

The questions presented by this appeal are dependent for their solution upon the construction of two sections of our code, one relating to tax deed to the county, the other relating to deeds from the county, and which, so far as material to the issues here, read as follows:

C. S., sec. 3263, as amended by Sess. Laws 1921, chap. 232:

"Section 3263. Effect of Tax Deed as Conveyance. The deed conveys to the grantee the absolute title to the land described therein, free of all encumbrances except mortgages of record to the holders of which notice has not been sent as provided in section 3258 and except any lien for taxes which may have attached subsequently to the assessment."

C. S., sec. 3423, as amended by Sess. Laws 1929, chap. 216:

"Section 3423. Sale of County Property. To sell or offer for sale at public auction at the courthouse door, after 30 days' previous notice given by publication in a newspaper of the county, any property, real or personal, belonging to the county, not necessary for its use, and such sale of real property may be made by the board of county commissioners, either for cash or upon such terms as the board of county commissioners may determine, and the same must be sold the highest bidder. The proceeds from such sales shall be paid into the county treasury for the use of the county, unless such property has been acquired by tax deed, in which event the proceeds from such sale shall be prorated to the taxing districts in which the property is situated in proportion to the amount of each tax for the year of delinquency upon which the tax deed was issued to the county. If such property is sold on terms the board of county commissioners may contract for the sale of the same for a period of years not exceeding five years, with an annual rate of interest on all deferred payments not to exceed six per cent per annum. The title to all property sold on contract shall be retained in the name of the county until full payment has been made by the purchaser. Any property sold by the board of county commissioners under the provisions of this section, either for cash or on contract, shall be assessed by the county assessor in the same manner and upon the same basis of valuation as though the purchaser held the record title to the property so sold. The board of county commissioners shall have authority to cancel any contract of sale if the purchaser shall fail to comply with any of the terms of such contract, and retain all payments made thereon. Any such sale made by the board of county commissioners of property acquired through tax deed shall, subject to the provisions of this section, vest in the purchaser all of the right, title and interest of the county in the property so sold, including all delinquent taxes which have become a lien

on the property since the date of the tax sale certificate upon which any tax deed has been issued. . . . . ''

Drainage district assessments ''do not constitute a tax within the purview of the constitution'' (Const., art. 7, sec. 5; *Elliott v. McCrea*, 23 Ida. 524, 529, 130 Pac. 785, 786), nor are they ''taxes'' within the meaning of that term as is usually employed in our Constitution and statutes, although laid under a taxing power, and do not fall within the restraints imposed by the Constitution. However, they are special assessments for local benefits and are taxes in a general sense. (*Booth v. Clark*, 42 Ida. 284, 290, 244 Pac. 1099.)

Under the tax deed to Ada County, dated January 12, 1929, title to the property now owned by the Heffners vested in the county free of all incumbrances, except mortgages of record to the holders of which notice has not been sent as provided in C. S., sec. 3258, except the lien of state, county and municipal taxes (*State v. Stuart*, 41 Ida. 126, 238 Pac. 305; *Larson v. Gilderoy*, 45 Ida. 764, 267 Pac. 234), and liens for local improvement assessments (*Hunt v. St. Maries*, 44 Ida. 700, 260 Pac. 155) assessed for the years subsequent to the assessment of taxes and assessments on account of the delinquency of which the property was sold; that is, since the year 1924. (C. S., sec. 3263, as amended by Sess. Laws 1921, chap. 232, p. 521, *supra*.) It logically follows that liens for school district taxes and drainage district assessments are ''taxes'' coming within the exception, and we so hold.

C. S., sec. 3423, as amended, *supra*, declares that a purchaser's deed from the county, of property acquired by it through tax deed, vests the title in him to all of the right, title and interest of the county in the property ''including all delinquent taxes'' which have become a lien upon the property since the date of the tax sale certificate upon which any tax deed has issued. The word ''including'' is generally employed as a term of enlargement. It may be used as a word of addition ''indicating something not in-

cluded rather than of specification." Sometimes it is used as the equivalent of "also" and of "and." (31 C. J. 396. See *Montello Salt Co. v. Utah*, 221 U. S. 452, Ann. Cas. 1912D, 633, 31 Sup. Ct. 706, 55 L. ed. 810, and note.) The language of this statute must be construed to mean "and all taxes," not limiting it in its application to state, county and municipal taxes, but embracing those just enumerated and all others.

Having construed drainage district assessments and school district taxes to be "taxes" within the purview of the provisions of C. S., sec. 3263, as amended, *supra*, we are constrained to hold that said school district taxes and drainage district assessments are likewise "taxes" within the meaning of C. S., sec. 3423, as amended, *supra*, from which it follows that the title to the lands in question vested in the purchaser from Ada County free of the lien of all state, county, municipal and school district taxes and drainage district assessments attaching since the first Monday in January, 1925, upon entry of delinquency, which had the force and effect of a sale in trust for the county, under C. S., sec. 3241. (See *Booth v. Clark, supra*.)

The judgment is reversed and the case remanded with instructions to enter judgment in favor of appellants. Costs to appellants.

Lee, C. J., Givens and McNaughton, JJ., and Adair, D. J., concur.