353 P.2d 1076

Eugene F. BURCH, Claimant-Appellant,

v.

POTLATCH FORESTS, INC., Employer, and Workmen's Compensation Exchange, Surety, Defendants-Respondents.

No. 8869.

Supreme Court of Idaho.

June 23, 1960.

324

Paul C. Keeton, Lewiston, for appellant.

Blake & Givens, Lewiston, for respondents.

KNUDSON, Justice.

Appellant, claimant, Eugene Burch, was employed by respondent, Potlatch Forests, Inc., as a handyman in respondent's paper mill at Lewiston, Idaho. On February 23, 1959, appellant was about to unhook a reel of paper when the crane-hook broke loose and struck appellant on the side of his head producing lacerations on the outside and inside of appellant's mouth and breaking off two of appellant's teeth, the upper left first bicuspid and the upper left cuspid, below the gum line. By reason of the accident suturing of said lacerations and extraction of the remains of the two teeth were necessary. As a result of the injury appellant suffered from headaches and was treated by his physician for approximately four months, returning to work on July 1st following.

No substantial controversy exists as to the facts of the accident or the resulting injury. The principal assignment of error is appellant's contention that the Industrial Accident Board erred in not requiring respondent to supply appellant with dental repairs by way of artificial teeth or a replacement bridge where the extractions occurred. In considering this assignment

it is necessary to examine the applicable provisions of the Workmen's Compensation Law of this State, one of which is I.C. § 72–307, the pertinent portion of which provides:

"The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer. * * *"

In determining whether appellant has been denied such reasonable medical, surgical or other treatment as contemplated by such statute, attention must be given to the diagnosis made and the treatment given. It is undenied that the extractions were a proper and necessary part of the treatment given the appellant in the process of his recovery. Respondent assumed responsibility for the cost of the extractions as a part of the treatment of appellant's injury, but has declined to provide appellant with anything to replace the extracted teeth.

Only one dental expert (Dr. Carlson), whose qualifications and professional reputation were not questioned, was called to testify. The testimony of said expert discloses that unless some replacement is provided in the span created by the extractions appellant will not only suffer a cosmetic loss and a loss of efficiency in mastication which is reflected in general health, but detrimental changes in the position of appellant's teeth would result. In this regard the following is an excerpt from Dr. Carlson's testimony:

"Q. Do you have an opinion regarding the effect, if any, of the delay in having the repair made, that is from the time of the accident or shortly thereafter to the present time? A. Well any time we lose a tooth or teeth there is always a reaction that takes place in the mouth. The patient is forced to use other patterns of chewing, other than the normal position. With a tooth removed somewhere in the arch the space will not be the same, even in an adult's mouth. I mean it changes microscopically from day to day over a period of time, and the position of the other teeth is changed, and in Mr. Burch's particular case the lower teeth that oppose this span are elongated into the span, and it is conceivable, if this work were never done, that eventually these lower teeth would elongate up into the span. Teeth must have an antagonist or they will move.

* * * * * *

"Q. Is that detrimental to the lower teeth, in your opinion? A. It will be if it continues. I will say what damage I see at the present is negligible."

The expert testimony in this case is convincing that a replacement, preferably a fixed bridge, is necessary in order to avoid additional harmful effects to appellant. Treatment by merely extracting appellant's teeth was not complete, since it was obviously necessary under the proof to provide him with a proper replacement in order to avoid additional detrimental effects. We do not think it was contemplated by the legislature in the enactment of said § 72–307 that the treatment required to be furnished by the employer should be so incomplete as to subject the employee to avoidable subsequent harmful effects. We believe it was the intention of the legislature that the injured employee is entitled to such medical, surgical or other treatment as may be reasonably required to relieve him from the effects of his injury and arrest and stay further damage which would naturally flow from the injury.

Apparently the Board, in arriving at its conclusion that a replacement bridge need not be provided by respondent in this case, was influenced by the testimony of Dr. Carlson to the effect that in his opinion the presence of such bridge would not affect appellant's ability to obtain employment or to remain gainfully employed. While the effect of the injury upon an employee's ability to obtain employment may be an important consideration in some cases it is not controlling in cases such as we are here considering.

It is too well settled under the decisions of this Court to require the citation of authorities that the provisions of the Workmen's Compensation Law of this state are to be liberally construed in favor of employees. This Court has repeatedly held that one of the principal requirements of the Workmen's Compensation law is that the injured employee be rehabilitated by reasonable and proper treatment and as far as possible restore his health. Irvine v. Perry, 78 Idaho 132, 299 P.2d 97; Koegler v. C. F. Davidson Co., 69 Idaho 416, 209 P.2d 728; Flock v. J. C. Palumbo Fruit Co., 63 Idaho 220, 118 P.2d 707.

Respondent calls attention to the comparatively recent enactment of I.C. § 72–324 which provides in substance that the employer's liability, in addition to that provided for in I.C. § 72–307, shall include the original furnishing of adequate artificial limbs and artificial eyes to replace or relieve such portions of the body lost or damaged as a result of the injury. Respondent contends that since said §§ 72–307 and 72–324 deal with the same general

subject matter and since § 72–324 speci-
fies with particularity artificial limbs and
eyes, it has by such distinction excluded
other terms or items such as artificial teeth.

We do not agree that said § 72–324 is
here in any respect involved. Whatever
interpretation may be hereafter applied in
construing said § 72–324 it is clear that it
does not in any respect limit or restrict
the treatment to which an injured employee
is entitled under said § 72–307. It must
be borne in mind that said section (72–307)
does not attempt to specify every kind of
treatment which shall be provided—it does
provide for *"other* attendance or *treat-
ment"* (emphasis supplied). In common
parlance and often in the law the word
"treatment" is a broad term and is em-
ployed to indicate all steps taken in order
to effect a cure of an injury or disease.
See 70 C.J.S. Physicians and Surgeons, §
1, p. 817 and 87 C.J.S. p. 949.

In the instant case not only does
the uncontradicted expert testimony estab-
lish that a replacement for the extracted
teeth would be advisable and proper in the
rehabilitation process, but appellant speci-
fically requested (See § 72–307) such
treatment and did his full part in an en-
deavor to procure, for the information of
his employer, an estimate of the cost of
such service. Also in the instant case the
doctor's evaluation of appellant's perma-

nent partial disability was made based upon
the assumption that the extracted teeth
would be replaced by a fixed bridge and the
Industrial Accident Board adopted such
evaluation as the basis for its award for
permanent partial disability.

Appellant also contends that the
Board erred in refusing to award appellant
a reasonable attorney's fee under the pro-
visions of I.C. § 72–611, which statute pro-
vides:

"If the board or any court before
whom any proceedings are brought un-
der this act determines that the em-
ployer or his surety contested a claim
for compensation made by an injured
workman or dependent of a deceased
workman without reasonable ground,
or that an employer or the employer's
surety neglected or refused within a
reasonable time, after receipt of a
written claim for compensation, to
pay to such claimants or to dependents
in cases where the workman is killed
as a result of a compensable accident
the compensation provided by law, the
employer or such employer's surety
shall pay reasonable attorney fees in
addition to the compensation provided
by this chapter. In all such cases the
fees of attorneys employed by injured
workmen or dependents of deceased

workmen shall be fixed by the industrial accident board."

Although appellant's right to a replacement prosthesis in the area where the teeth were extracted and also his right to permanent partial disability compensation were denied by respondent which necessitated the employment of counsel by appellant for the purpose of prosecuting proceedings to enforce such rights, we do not regard the action of respondent in contesting such claims to be without reasonable grounds as provided by the foregoing mentioned statutes. We therefore conclude that the action of the Board in denying the request for attorneys fees should not be disturbed.

The order of the Board denying appellant's request for a replacement prosthesis is reversed and the cause remanded to the Board with instructions to take further proofs, if deemed necessary, to aid the Board in determining the amount allowable to appellant to defray the cost incident to the procurement of appropriate replacement prosthesis in harmony with the view herein expressed and to enter an award accordingly. In all other respects the decision of the Board is affirmed. Costs to appellant.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.