519 P.2d 432

Gerald T. ROHNERT, Claimant-Appellant,

v.

AMALGAMATED SUGAR COMPANY, (Self-insured), Employer, Defendant-Respondent.

No. 11315.

Supreme Court of Idaho.

Feb. 27, 1974.

Bruce O. Robinson, Theodore V. Spangler, Jr., Nampa, for appellant.

Earl E. Reed, Nampa, Allan M. Lipman, Jr., Ogden, Utah, for appellee.

McQUADE, Justice.

On January 18, 1971, the claimant-appellant, Gerald T. Rohnert was injured while in the employment of the defendant-respondent Amalgamated Sugar Company. As a result of the injury, the appellant's left leg was amputated below the knee. The appellant was subsequently fitted with an artificial leg.

The appellant and respondent entered into a compensation agreement which covered all the areas of the respondent's liability except for the issue of whether the respondent was liable for future repairs and replacements of the prosthesis necessitated by ordinary wear and tear. The appellant requested the Industrial Commission to hold a hearing on the disputed issue. The parties stipulated that the prosthesis would be subject to wear and tear which would result in the need for future repairs and replacement, and they stipulated that the only issue in dispute was whether the respondent was liable for the future repairs and replacements. Prior to the hearing the appellant filed a supplemental petition requesting a lump sum payment for the future prosthesis expenses. The Industrial Commission held a hearing and issued findings of fact, conclusions of law and order which held that "that Section 72–324 [I.C. § 72–324] had modified Section 72–307 [I.C. § 72–307] with respect to the furnishing of artificial limbs, and the Commission further concludes that this section limits the employer's liability under Section 72–307 [I.C. § 72–307] to the original furnishing of the limb."[1] The Industrial Commission held that the appellant's petition for recovery for his future prosthesis repair and replacement costs be denied. The appellant appeals that order to this Court.

Before reaching the issue of liability, the respondent contends that no justiciable controversy has been presented in this action since there is no current need for repair or replacement of the appellant's prosthesis. The parties stipulated prior to the Industrial Commission's hearing that future repair and replacement of the prosthesis would be needed and the respondent

1. Clerk's transcript, p. 20.

disclaimed any liability for these future expenses. In accordance with I.C. § 72–321[2] the appellant's supplemental petition requested that all future expenses be presently awarded to him in a lump sum payment which placed the dispute over future liability in issue. Since the legal obligation of the respondent for future repair and replacement of the prosthesis is in dispute and upon finding an obligation that may be presently payable, this action presents an actual controversy or a justiciable issue.

Medical benefits for injured employees are provided by I.C. § 72–307 which states:

"The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter * * *." (Amended January 1, 1972).

In the case of Clevenger v. Potlatch Forests[3] this Court held that I.C. § 72–307 imposed a duty on an employer to an injured workman

"[T]o furnish him reasonable medical, surgical or other treatment necessary to rehabilitate him and as far as possible restore his health, usefulness and earning capacity * * *."[4]

In this action there is no question concerning the initial furnishing of reasonable medical aid which included the original prosthesis, but the question arises as to how long must the respondent continue to furnish prostheses. The statute states that the duty to furnish apparatus extends "for a reasonable time" which was construed in the *Clevenger* case to mean,

"What is a reasonable time within which an act is to be performed depends on the subject, the situation of the parties and the circumstances attending the performance. (12 Am.Jur. 855) A 'reasonable time' means a period which is created because of some justifiable reason. In determining what is a reasonable time for claimant to receive medical treatment and supplies we look to the statute and the facts and circumstances of the particular case. Generally a reasonable time would be as long as the condition and necessity for treatment exists."[5]

Since the appellant will need to have the prosthesis periodically repaired or replaced throughout his lifetime, I.C. § 72–307 imposes a duty upon the respondent to provide for the future repairs and replacements.

The respondent contends that the following provision of I.C. § 72–324 limits its liability:

"The employer's liability for medical attendance and kindred services, as defined in Section 72–307, shall, in addition to curative apparatus, include the original furnishing at the end of the healing period of reasonably adequate and available artificial limbs and artificial eyes to replace, support or relieve such part or portion of the body lost or damaged as a result of the injury, in all cases where the injury is such as to permit their practicable use." (Amended January 1, 1972).

The respondent argues that the phrase "original furnishing" limits its liability to supplying the initial prosthesis and excludes any liability for future replacements and repairs of the prosthesis.

This Court has held many times that workman's compensation statutes are to be liberally construed in favor of the workman.[6] As a guide to the policy of lib-

---

2. Amended January 1, 1972.

3. 85 Idaho 193, 377 P.2d 794 (1963).

4. Clevenger v. Potlatch Forests, *supra*, note 3, at 200, 377 P.2d at 798.

5. *Id.*, at 200–201, 377 P.2d at 799.

6. I.C. § 72–201; In re Haynes, 95 Idaho 490, 511 P.2d 309 (1973); Miller v. FMC Corp., 93 Idaho 695, 471 P.2d 550 (1970); Mayo v. Safeway Stores, 93 Idaho 161, 457 P.2d 400 (1969).

eral construction of workman's compensation statutes,

> "This Court has repeatedly held that one of the principal requirements of the Workmen's Compensation law is that the injured employee be rehabilitated by reasonable and proper treatment and as far as possible restore his health."[7]

The appellant will have a continuing need for repair and replacement of his prosthesis for his rehabilitation and restoration insofar as is possible as an employable person. The language of I.C. § 72–324 does not state that the employer need only provide the original prosthesis, but it states that the employer's liability shall "include the original furnishing" of the prosthesis. The word "include" is not a limiting or restrictive term.[8] The term "include" must be construed in light of the policy of liberal construction of the workmen's compensation act and the stated purpose of the act is to rehabilitate the injured workman as far as possible. To fully restore the workmen in all situations, the word "include" must be construed as a minimum guarantee.

Additional support for construing I.C. § 72–324 as a minimum guarantee is found in the case of Burch v. Potlatch Forests, Inc.[9] In that case an injured workman had some of his teeth removed and needed a dental bridge. The employer denied liability for the bridge on the ground that I.C. § 72–307 limited the medical services available under I.C. § 72–307 and since I.C. § 72–324 did not specify the supplying of a dental bridge there was no duty to provide one. This Court held that,

> "Whatever interpretation may be hereafter applied in construing said § 72–324 it is clear that it does not in any respect limit or restrict the treatment to which an injured employee is entitled under said § 72–307. It must be borne in mind that said section (72–307) does not at-

tempt to specify every kind of treatment which shall be provided—it does provide for '*other* attendance or *treatment*' (emphasis supplied). In common parlance and often in the law the word 'treatment' is a broad term and is employed to indicate all steps taken in order to effect a cure of an injury or disease."[10]

The above reasoning in Burch v. Potlatch Forests, Inc., also leads to the conclusion that I.C. § 72–324 is a minimum guarantee of a prosthesis.

Because I.C. § 72–324 has been construed to provide a minimum guarantee and not to restrict liability under I.C. § 72–307, this action must be remanded to the Industrial Commission to determine the extent of the respondent's liability.

Costs to appellant.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

7. Burch v. Potlatch Forests, Inc., 82 Idaho 323, 327, 353 P.2d 1076, 1078 (1960).

8. *See* Heffner v. Ketchen, 50 Idaho 435, 296 P. 768 (1931).

9. *Supra,* note 7.

10. Burch v. Potlatch Forests, Inc., *supra,* note 7, 82 Idaho at 328, 353 P.2d at 1078.