521 P.2d 1151

Randy CROSBY, Claimant-Appellant,

v.

CHUCK'S MEAT MARKET, Employer, and State Insurance Fund, Surety, Defendants-Respondents.

No. 11325.

Supreme Court of Idaho.

April 17, 1974.

Rehearing Denied May 29, 1974.

Bruce O. Robinson, Theodore V. Spangler, Jr., Nampa, for claimant-appellant.

Paul S. Boyd, Boise, for defendants-respondents.

PER CURIAM.

On June 2, 1969, Randy Crosby caught his left hand in a meat grinder while cleaning his employer's place of business, Chuck's Meat Market, in Weiser, Idaho. The injuries he received required the amputation of his left hand and arm about three inches below the elbow. He was later fitted with an artificial arm. This prosthetic device requires replacement every five to seven years because of the wear and tear incident to normal use.

All medical expenses and compensation for lost work time had been paid by respondent surety. They also paid for his original prosthetic device. However, the respondent surety denies liability for the cost of future devices. Appellant made claim to the Industrial Commission for a lump sum settlement of all future expenses. The Commission construed I.C. §§ 72–307 and 72–324 as limiting defendant's liability to the furnishing of the original device and denied the claim.

In Rohnert v. Amalgamated Sugar Co., 95 Idaho 763, 519 P.2d 432 (1974), this Court held under a nearly identical factual situation,

"Since the appellant will need to have the prosthesis periodically repaired or replaced throughout his lifetime, I.C. § 72–307 imposes a duty upon the respondent to provide for the future repairs and replacements." 95 Idaho at 765, 519 P.2d at 434.

*Rohnert* is controlling in this case. The order of the Industrial Commission is reversed and the action is remanded to the Commission to determine the proper amount of respondent's liability. Costs to appellant.