(No. 6109. September 21, 1934.)

JOE MELL, Employee, Appellant, v. LOUIS LARSON and JOHNSON BROTHERS, Employers, and STATE INSURANCE FUND, Surety, Respondents.

[36 Pac. (2d) 250.]

Harry M. Morey and Robert M. Cummins, for Appellant.

Robert H. Elder, for Respondent, cites no authorities on points decided.

HOLDEN, J.—Claimant and appellant, Joe Mell, suffered an injury to his back when struck by a log an January 11, 1932. Liability for the accident under the Compensation Law was admitted by the employers and the insurance carrier, and compensation paid. However, beside the injury to the back it developed that claimant had hernia, for which a herniotomy was performed. A hearing was then had before the Industrial Accident Board for the purpose of determining whether claimant was entitled to compensation and medical benefits as a result of hernia. Payment of surgical and hospital expenses for repair of the hernia were denied by the board because notice was not given within time, as required by section 43–1116, I. C. A. However, it was found that claimant was entitled to compensation for temporary total disability, by reason of the back injury, from January 11, 1932, to September 12, 1932, at which time it was found that claimant was surgically healed. Claimant appealed to the district court, which affirmed the award of the board in its entirety and no further appeal was taken.

June 5, 1933, pursuant to section 43–1407, claimant petitioned the Industrial Accident Board for an award of total permanent disability on the ground of change in condition. It was set forth in the petition that the condition in claimant's back had become greatly aggravated and that the disability was progressive, and that some injury was done to his back which had not become apparent at the time of the prior hearing, September 14, 1932; that since the date of said hearing, ''and as a direct and proximate result of the accident and the pain and suffering to which claimant has been subjected, he has developed a traumatic neurosis or a traumatic psychosis, and that said neurosis or psychosis is a change in his condition and is steadily progressing.'' A hearing on the petition was had by the board, which resulted in findings of fact, conclusions of law and award, August 4, 1933.

It appears from the findings of fact, conclusions of law and award of the hearing September 14, 1932, which were

admitted in evidence at the hearing on the petition, that the board found that the claimant was suffering from a condition of osteoarthritis of the spine; that as a result of the accident on January 11, 1932, the arthritic condition was aggravated, causing the temporary total disability to September 14, 1932, but that on said date claimant was healed of all of the injuries received by him on January 11, 1932, and that his disability for work by reason of such injuries had ceased. At the hearing on the petition the board reaffirmed the findings made at the former hearing and on the question of change in condition found as follows:

"That since the date of hearing before the Industrial Accident Board, to-wit, the 12th day of September, 1932, and since the Judgment of the last above named District Court, there has been a change in claimant's physical condition; that the change in claimant's physical condition consists of an increase and progress in the osteoarthritis in his back with which claimant was afflicted on and prior to the 11th day of January, 1932, and on the 22nd day of September, 1932; that said increase in claimant's osteoarthritis is not due to the injury by accident sustained by him on the 11th day of January, 1932, nor to the aggravation of the said osteoarthritis by said injury, but is due entirely to the nature of the disease of osteoarthritis; that the aggravation of said osteoarthritis caused by the accident to claimant on January 11, 1932, had entirely subsided on the 22nd day of September, 1932, and on said last named day the claimant was, and now is, cured of all of the results of the injury received by him on said January 11, 1932; that no injury was done to claimant's back by his accident on the 11th day of January, 1932, which had not become apparent on the 12th day of September, 1932, and that no injury to claimant's back due to his accident on the 11th day of January, 1932, has developed since said 12th day of September, 1932, which was proximately caused, or caused at all, by his accident on the 11th day of January, 1932; that the claimant did not suffer any internal injuries

as the result of said accident which did not make themselves apparent at the time of the former hearing, or which developed since said hearing, and that all of the internal injuries and all other injuries as a result of his accident on January 11, 1932, were considered and fully adjudicated at the hearings had herein prior to the filing of claimant's petition and application for modification of the Award on June 5, 1933; that the symptoms of nausea, vomiting and sharp pains throughout the abdomen, of which claimant now complains, existed prior to the hearing of September 12, 1932, and that said condition has not progressed since the date of the award of the Industrial Accident Board dated on the 22nd day of September, 1932; that the claimant has not developed a traumatic neurosis or a traumatic psychosis since the date of the former hearing, namely, the 12th day of September, 1932; that an element of traumatic neurosis existed in claimant prior to the hearing held on September 12, 1932, was testified to by one of the medical witnesses and fully considered by the Board in its award under date of September 22, 1932, and that the neurosis or psychosis with which claimant now claims to be suffering has not progressed and is not a change in his condition resulting from his said accident or injury; that said neurosis or psychosis which claimant now has (if any such he has) or claims to have is not the result of the injury or the accident received by claimant on the said 11th day of January, 1932, nor of the pain or suffering to which claimant has been subjected as a result of said accident or injury; that the claimant is now totally disabled for work, but that his disability for work is not due either wholly or partially to the neurosis or psychosis which claimant has (if any he has) or claims to have, nor due to his mental condition, but is entirely due to the progressive osteoarthritis which claimant had on and prior to the 11th day of January, 1932, and had at the time of the prior hearing, namely, on the 12th day of September, 1932.''

From the order of the board refusing compensation on the ground that there was no change in the condition of the

claimant, due to the accident, an appeal was taken to the district court, which affirmed the order. This appeal is taken from the judgment of the district court affirming the order of the Industrial Accident Board.

All of appellant's assignments of error can be grouped, for convenience, into three general contentions: 1. That the court erred in finding that on the fourteenth day of September, 1932, claimant was surgically healed of all of the injuries received from his accident of January 11, 1932, and in finding that the increase in claimant's osteoarthritis was not due to the injury by accident on January 11, 1932, nor to the aggravation of said osteoarthritis, but is due entirely to the nature of the disease. 2. That the court erred in finding that no injury was done to claimant's back by his accident of January 11, 1932, which had not become apparent on September 12, 1932, and that no injury to claimant's back by the accident of January 11, 1932, has developed since September 12, 1932, which was proximately caused by the accident. 3. That the court erred in finding that claimant has not developed a traumatic neurosis or a traumatic psychosis since the date of the former hearing, and that the board had considered a neurosis when it made its original award, and that if claimant has a traumatic neurosis or traumatic psychosis, it is not the result of the injury nor the pain or suffering following the injury.

Appellant cites us particularly to the cases of *Hanson v. Independent School Dist.*, 50 Ida. 81, 294 Pac. 513,. and *Strouse v. Hercules Min. Co.*, 51 Ida. 7, 1 Pac. (2d) 203. In the Hanson case it was held that where there is a preexisting disease, the fact that the disease or previous condition might have terminated as injuriously does not deprive the claimant of the right to compensation ·if the accident precipitated the injury. In that case, it appears that the claimant was suffering from a condition of chronic appendicitis, and that the work he was performing precipitated the condition causing a rupture to the appendix which necessitated an operation, and this court held that claimant was entitled to compensation. But we do not con-

sider that the action of the lower court and the board in this case is at all out of line with the court's holding in that case. It was found here that the arthritic condition of the claimant was aggravated by the accident of January 11, 1932, but had ceased September 14, 1932, and for that reason compensation was allowed the claimant from the date of the accident to September 14, 1932, which is an express confirmation of the rule laid down in *Hanson v. Independent School Dist., supra*. It was on the very ground that there had been an aggravation of the pre-existing disease to the claimant that the board allowed compensation in the first instance.

In the case of *Strouse v. Hercules Min. Co., supra,* it was held that where a disability results partly, but not entirely, from an alleged accident, the board should not separate the results of the pre-existing disease or weakness from those of the accident and make an apportionment accordingly. Further, the court said: ''Regardless of pre-existing condition, if a workman's disability is precipitated by an accident arising out of his employment, which disability would in all probability *not have arisen but for such accident,* the statute contemplates full compensation.'' (Emphasis ours.) In that case the claimant had what is known as scoliosis, or curvature of the spine, but had never been troubled with it before the accident. Compensation was not allowed for the reason that claimant had failed to satisfactorily establish the probable cause of his disability.

It appears from the evidence in this case that claimant's condition would have progressed to disability without the happening of the accident, even though the accident did accelerate the condition for a limited time. Dr. J. A. True, a witness for the claimant, testified on cross-examination as follows:

''Q. Are you in a position to say that the arthritic condition that you see in that spine would have spread regardless of whether this man had such an injury or not?

''A. I would not say. I would say probably.

"Q. Nobody could say whether that would have spread in that condition whether he had such an injury as he complained of?

"A. No. That would be hard to say."

Dr. D. H. Lewis, called as a witness for the defendants and respondents, testified on cross-examination, as follows:

"Q. Yes. Now, Doctor, assuming that Joe Mell had this arthritic condition, osteoarthritis, in his back, as you say, for many years, but assuming that for many years and particularly for two years just before he had this accident that he described to you, he was working at hard manual labor, lifting heavy weights, putting them over his back, doing all of the work that any lumberjack does and a little more than most of them do, and that he did not suffer any pain or inconvenience from this osteoarthritis and that he was able to do his work every working day of every working month without disability, and then that he had this accident to his back and that ever since then he has complained of pain in his back and complained that he is unable to work any more, that he is unable to lift objects, would you not think that the accident probably aggravated this condition?

"A. Not to that extent, no.

"Q. Well, you don't know, do you, to what extent it aggravated it, do you?

"A. Yes, I think I do, taking the whole history, not just that one question, but taking the whole history of the case, Mr. Morey, and the condition as I find it now and my previous examination the accident might have a little to do with that at the time, it probably would have crippled him or aggravated that for a short time. No, I don't think the accident had anything to do with it after that period of time.

"Q. You admit that the osteoarthritis is getting worse, do you not?

"A. They always do.

"Q. And this is going to go on getting worse?

"A. I would say this, that they usually keep on getting worse until we have a complete ankylosis or until the irritating factor is removed.

"Q. Now, Doctor, you are not prepared to tell this Industrial Accident Board, are you, how much of Joe Mell's disability at the present time is caused by aggravation of his osteoarthritis and how much of his disability would have been caused by that osteoarthritis if he had no accident at all—you can't say that, can you?

"A. Only in this way, that this osteoarthritis that he has at the present time and has had is too extensive. If that was just one or two vertebrae, I could say, but when I find as much osteoarthritis in the cervical and dorsal as he had in the lumbar, and that he was not struck all over the back and that he did not complain of the back at the time, then I am very sure I am safe to say it is the osteoarthritis and not the accident that has anything to do with present disability."

Dr. Charles R. Mowery, a witness for defendants and respondents, testified on direct examination as follows:

"Q. Now, Doctor, from your knowledge of the history of the injury, is it your opinion that the condition of this spine is the result or due to that injury?

"A. Well, I have seen a good many injuries to the spine. I have seem them, that is, where we had positive symptoms of injury to the spine, clinical symptoms and then many cases of X-ray of injuries to the spine, and I have never seen one like this that you could say was due to injury."

Dr. Marion M. Kalez, testifying in behalf of the claimant, stated that the osteoarthritic condition of the claimant was progressing; that in his opinion the injury to the back had caused an aggravation of the symptoms, and would cause the condition to get worse.

Upon a full and careful consideration of all the evidence, we conclude that it was sufficient to justify the board in finding that the change in the condition of claimant's osteoarthritis was due entirely to the nature of the disease.

The question as to whether claimant was surgically healed on September 14, 1932, of all of the injuries received by the accident on January 11, 1932, was adjudicated at the hearing held September 12, 1932, and here we are reviewing the record of the hearing only upon the question of change in condition, since that date; and as above stated, on the question of the back injury and progression of the osteoarthritis, the evidence is amply sufficient to sustain the finding of the board.

Appellant contends, however, that the original award in the first hearing was made on the theory that the injury was temporary, and that it now transpires that it was in fact permanent, and that there is a sufficient showing of change in claimant's condition to warrant reopening the case, citing *Hustead v. H. E. Brown Timber Co.*, 52 Ida. 590, 17 Pac. (2d) 927. It is true that the case cited is authority for that proposition and rightfully so, but in that case it developed that the employee's disability had increased after the date of the award, but as a direct result of the accident sustained, and which, as directly connected, was justification for reopening the case. It appearing in that case that claimant did not know the extent of his injury when the award was made. But such a situation does not exist in the case at bar, for the reason that the evidence fails to show that the present disability of appellant, and the progressive nature of his disease, is a direct result of the accident sustained, but rather to the contrary.

Appellant urges most strenuously that the court erred in finding that claimant has not developed a traumatic neurosis or traumatic psychosis since the date of the former hearing, and in finding that if claimant has a traumatic neurosis or traumatic psychosis, it is not the result of the injury nor the pain or suffering following the injury. Hearing on the question of a change in condition is authorized under section 43–1407, I. C. A., for the purpose of allowing the board to make an award ending, diminishing or increasing compensation previously agreed upon or awarded. Such an award under that section of the statute

is made entirely on a change in conditions occurring after the date of the previous award, and which change in condition, if for the worse, is directly related to the injury resulting from the accident upon which the first award was based. The board and the courts then are restricted to a consideration only of a condition arising after the former award. In this case there was evidence that claimant was suffering a neurosis, but the board found, and its finding is supported by the evidence, that such neurosis or psychosis had not developed since the prior hearing of September 12, 1932, and that the condition had not progressed and was not a change in his condition. All of the evidence in the record as to the traumatic neurosis or psychosis shows that it was a mental condition of fear, in sleep, and while on the street. The best evidence in the record to support the finding of the board and the court that the neurosis or psychosis was not a change in condition is found in the claimant's own testimony, as follows:

"Q. Now, Joe, or Mr. Mell, how long since you commenced to be scared at night when you sleep, how long ago did that commence?

"A. I have been all the way through since I got hurt.

"Q. You have been that way ever since you got hurt?

"A. Yes.

"Q. And the same way that you are scared on the streets that something is going to hit you?

"A. Yes."

It follows that the judgment must be affirmed, and it is so ordered. Costs to respondents.

Budge, C. J., Givens and Morgan, JJ., and Johnson, D. J., concur.