(No. 6944. February 17, 1943.)

JAMES ZAPANTIS, Appellant, v. CENTRAL IDAHO MINING & MILLING COMPANY and STATE INSURANCE FUND, Respondents.

[136 Pac. (2d) 154.]

Rehearing denied April 16, 1943.

E. B. Smith for appellant.

Frank L. Benson and Clarence L. Hillman for respondents.

BUDGE, J.—This case, to say the least, is somewhat involved. It was before this court on a former appeal and is reported in 61 Ida. 660, 106 P. (2d) 113, wherein is found a full and complete statement of facts. Chronologically, it may be stated, on June 20, 1934, claimant, appellant here, was injured in an accident arising out of and in the course of his employment. On April 17, 1935, a settlement agreement was entered into between appellant, his employer, and the State Insurance Fund. An award was made by the board, approved and entered, based upon the agreement. Thereafter, December 30, 1935, claimant made application to the board to reopen the case and modify the award entered April 17, 1935, which application was amended January 25, 1936; first, upon the ground of change of condition; second, that the estimate as to percentage of permanent partial disability on agreement was totally inadequate. On January 30, 1936, the board made and entered its order denying said application upon the ground "that if there has been any change in the physical condition of claimant since the 17th day of April, 1935, it has been for the better," and dismissed the application. September 16, 1937, claimant filed another application for modification of the agreement and award, and based the same upon the grounds "That since claimant's application for review and modification of the agreement and award, heard on January 21, 1936, * * * there has been a change in claimant's condition, in that the injuries which claimant sustained on or about June 20, 1934, * * * have progressed for the worse;" February 7, 1939, the board made findings of fact and rulings of law as follows:

"WHEREFORE IT IS ORDERED, AND THIS DOES ORDER, That the approval of the Industrial Accident Board to the agreement made and entered into between the claimant, James Zapantis, and the defendants, Central Idaho Mining & Milling Company, employer, and the State Insurance Fund, surety, on the 17th day of April, 1935, be, and hereby is, withdrawn, cancelled, annulled and held for naught, and said agreement is hereby cancelled, annulled and set aside.

"IT IS FURTHER ORDERED, AND THIS DOES ORDER, That the claimant, James Zapantis, be, and he hereby is, awarded against the defendants, Central Mining & Milling Company,

employer, and State Insurance Fund, surety, and each of them, additional compensation at the rate of $13.10 a week for 99% of 162 weeks beginning on the 4th day of June, 1935."

It will be observed that on January 30, 1936, the board denied claimant's application based upon a change of condition; then later, September 16, 1937, upon a second application to the board praying for modification of the agreement, the board cancelled and set aside said agreement and increased appellant's compensation; from which order an appeal was prosecuted. (*Zapantis v. Central Idaho Mining & Milling Co.*, supra.) In that case the action of the board in setting aside the agreement was reversed and the cause remanded. Whereupon,

"On or about December 25, 1940, appellant filed with the Industrial Accident Board another application alleging, among other things:

> (1) that appellant's disability was as found by the board in its findings of February 7, 1939;
> 'comparable to not less than loss by amputation of one leg at the hip instead of equal only to 10% loss by amputation of one leg at the hip'

and also alleging:

> 'That said purported compensation agreement was entered into by mutual mistake of the parties hereto * * *' "

A stipulation of facts was entered into by the respective counsel for claimant, Central Mining & Milling Company, and State Insurance Fund, which together with the compensation agreement of settlement, and findings of the board as of February 7, 1939, being to the effect that appellant's disability was in excess of that which had been stipulated and contained in the board's award. There is no merit in this contention, the same having been formerly adjudicated. (*Zapantis v. Central Idaho Mining & Milling Co.*, supra.) Furthermore, error in ascertainment by the board can be corrected only by appeal. (*Bowers v. Smith* (Ida.) 118 P. (2d) 737; *Pruett v. Cranston Chevrolet Co.*, (Ida.) 121 P. (2d) 559.)

Appellant seeks to set aside the award of April 17, 1935, upon the ground of fraud inherent in the award

upon the theory that certain doctors, upon a hearing for modification of the award, failed to disclose the extent and nature of appellant's mental and physical condition. There is no contention that the agreement upon which the award was based was not voluntarily entered into. The facts disclosed in the agreement were adopted by the board as its findings of fact and became final and conclusive as between parties in the absence of fraud. (43-1408, I. C. A.) 1937 Session Laws, Chap. 175, p. 288, amending Sec. 43-1408, 43-1409 and 43-1413, I. C. A., in addition to providing that an appeal could be prosecuted from the final order or award of the Industrial Accident Board to this court, provided upon hearing [on appeal] this court might "affirm or set aside such order or award, but may set it aside only upon the following grounds, and shall not set the award aside on any other or different grounds, to-wit:

"(a)    * * * *

"(b)    * * * *

"(c)    That the findings, order or award were procured by fraud;"

The question therefore arises: were the findings, order or award in the instant case procured by fraud, either under Sec. 43-1408, I. C. A., or under the amendment to said section, 1937 Session Laws, Chap. 175, p. 288? As heretofore stated, a mistake in the ascertainment of amount of compensation does not constitute fraud, either active or constructive. (*Bowers v. Smith,* supra; *Pruett v. Cranston Chevrolet Co.,* supra.) It is contended the two physicians who made a disability estimate of appellant's injury as of April 17, 1935, knew at that time appellant was mentally sick and afflicted with neurosis as a result of said accident and injury, and failed to make any report to the board of the neurotic condition with which appellant was afflicted, but based such disability estimate upon purely physical findings; said information was actively withheld. The physical condition of appellant, upon the first hearing for modification of the award, and, upon the second hearing, both the physical and mental condition of appellant was thoroughly and exhaustively investigated. His first application was denied because there was no change found by the board; his second application was denied on the ground of no change in condition, however, the award was set aside and he was awarded additional compensation, which action of the board, as heretofore stated, was reversed by this court.

(*Zapantis v. Central Idaho Mining & Milling Co.*, supra.) In other words, there was a full and complete adjudication of all of the alleged facts sought to be adjudicated on this appeal. Appellant had every opportunity to, and did, present to the board evidence of his physical and mental condition.

■ Appellant, in his brief, stated the concealment by doctors who examined appellant prior to April 17, 1935:
"may not have been malicious and may have been through ignorance of the legal effect; * * * such concealment resulted in the board's erroneously approving the agreement of April 17, 1935."

There being no malicious intention of concealment of evidence as to appellant's mental and physical condition, there was no fraud, either active or constructive, by the physicians, and there was no fraud in procuring the making of the findings, order or award by the board, even if appellant's contention be true. (*Donovan et al. v. Miller et. al.*, 12 Ida, 600, 88 Pac. 82, 9 L. R. A. (NS) 524, 10 Ann. Cases 444.)

■ In compensation cases the theory upon which a claimant proceeds is immaterial if the facts, as presented by the evidence, entitle claimant to relief, such relief will be granted. (*Goaslind v. City of Pocatello*, 61 Ida. 435, 102 P. (2d) 650.) In that case it was held where the facts entitled claimant to relief on some ground other than that upon which he had proceeded, relief will be granted. In that case claimant proceeded on the theory that there had been an accident, which contention was not sustained by the evidence, but held that the evidence entitled claimant to recover under the occupational disease law.

■ In *Zapantis v. Central Idaho Mining & Milling Co.*, supra, it was held that the board erred in cancelling, setting aside and holding for naught the original award. The court would not have so held had the evidence justified the conclusion that active or constructive fraud was inherent in the award. The doctrine of res judicata applies to all questions which might have been raised, as well as to all questions which were raised. (*Joyce v. Murphy Land & Irrigation Co.*, 35 Ida. 549, 208 Pac. 241; *South Boise Water Co. v. McDonald*, 50 Ida. 409, 296 Pac. 591; *Bowers v. Smith*, supra.)

■ We have concluded the order, made by the board

on the 23rd day of December, 1940, from which this appeal is prosecuted, dismissing appellant's application, must be sustained, and it is so ordered. No costs awarded.

Holden, C.J., Ailshie, Givens, and Dunlap, JJ., concur.