# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 44186

| | | |
|---|---|---|
| LETICIA M. SALINAS, | ) | |
| | ) | |
| Claimant-Respondent, | ) | Boise, February 2017 Term |
| | ) | |
| v. | ) | 2017 Opinion No. 42 |
| | ) | |
| BRIDGEVIEW ESTATES, Employer, and | ) | Filed: May 9, 2017 |
| OLD REPUBLIC INSURANCE | ) | |
| COMPANY, Surety, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendants-Appellants. | ) | |

_____

Appeal from the Idaho Industrial Commission.

The award of attorney fees by the Commission is <u>vacated</u>.

Alan Gardner and Margurit R. Cleverdon, Boise, attorneys for appellant.
Margurit R. Cleverdon argued.

Patrick Brown, Twin Falls, attorney for respondent.
_____

JONES, Justice

## I. NATURE OF THE CASE

Leticia Salinas ("Salinas") injured her back while working for Bridgeview Estates (the "Employer"). After receiving medical treatment for roughly six weeks, her workers' compensation benefits were temporarily denied by Old Republic Insurance Company (the "Surety"). Nearly two years later, Salinas filed a claim for reimbursement for medical costs and all future medical care. The Idaho Industrial Commission (the "Commission") concluded that Salinas failed to prove that she was entitled to payment of compensation. Notwithstanding that conclusion, the Commission awarded Salinas attorney's fees pursuant to Idaho Code section 72-804. The Employer and Surety appeal that award.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1

On or about May 5, 2011, Salinas injured her back (the "Injury") while in the course and scope of her employment as a registered nurse. At the direction of the Employer, Salinas visited Dr. Stagg seven times between June 1, 2011, and July 13, 2011. However, sometime between late July and early August 2011, Salinas was temporarily cut off from workers' compensation medical benefits while the Surety investigated her medical background. The temporary denial became, in effect, permanent when the Surety stopped communicating with Salinas. Because Salinas did not have the funds to continue her treatment at the time, she was not treated again until April 2013. It was then that Salinas hired an attorney and pursued this claim for previously denied benefits. Salinas argued that she was entitled to reimbursement of all medical costs that she incurred after the Surety refused to provide further medical treatment, and additionally, all future palliative care related to the Injury. The Employer and Surety argued as follows: (1) Salinas had been paid all benefits to which she was entitled; (2) her current condition is not the result of the Injury; (3) she has no permanent impairment or disability from the Injury; and (4) she has failed to prove an entitlement to attorney's fees.

On August 6, 2015, the Commission assigned the matter to Brian Harper (the "Referee"). The Referee made five conclusions. First, he concluded that Salinas had failed to prove that her current low back condition was caused in whole or in part by the Injury. This conclusion was supported by the finding that Salinas had periodic low back issues pre-dating the Injury. Second, he concluded that Salinas had failed to prove a right to past unpaid medical care or future medical care, palliative or curative, related to the Injury. Specifically, he noted that Salinas had failed to show that she obtained any medical care for her low back during the time immediately after the Surety discontinued her claim. It was not until April 2013 that Salinas sought low back-related treatment, and she did not prove that this treatment or any subsequent treatment was causally related to the Injury. Third, he concluded that Salinas had failed to prove that she suffered a permanent impairment as a result of the Injury. Fourth, he concluded, that since Salinas did not suffer a permanent impairment, she could not have suffered a permanent disability. Fifth, and most important to this appeal, the Referee concluded that Salinas was entitled to attorney's fees pursuant to Idaho Code section 72-804 for the "Surety's prolonged discontinuation of medical benefits without a reasonable ground." Specifically, the Referee concluded as follows:

In effect, Surety discontinued compensation justly due and owing to [Salinas] without a reasonable ground, not *per se* by temporarily suspending her medical coverage, but by unreasonably delaying its decision on continuing coverage on an accepted claim and/or refusing to communicate with [Salinas] on her coverage status despite her repeated attempts to speak with the adjuster.

On March 4, 2016, the Commission issued an order consistent with the Referee's recommendation.

On March 24, 2016, the Employer and Surety moved for reconsideration of the award of attorney's fees. On April 28, 2016, the motion for reconsideration was denied. Therein, the Commission provided the following:

Defendants are reminded that [Salinas] was actively treating for her industrial injury, which was an accepted claim, when Surety declined payment for additional treatment without a contemporaneous medical predicate, and gave [Salinas] the runaround about her claim status. No physician had declared [Salinas] to be at MMI [maximum medical improvement] at the time. Under the facts of this case, Surety's decision to discontinue payment of [Salinas'] treatment before [Salinas] had been declared MMI, and without appropriately communicating and/or investigating the matter denied [Salinas] benefits justly due during the pendency of her workers' compensation claim. Even though Defendants obtained a persuasive medical opinion that declared [Salinas] stable, this was procured years after Defendants' unsubstantiated denial. Defendants cannot excuse their actions by [Salinas'] subsequent recovery. To hold otherwise would cause an unjust result.

On May 9, 2016, the Employer and Surety appealed the Commission's order.

### III. ISSUE ON APPEAL

1.      Whether the Commission erred in awarding attorney's fees to Salinas.

### IV. STANDARD OF REVIEW

We exercise free review over statutory interpretation because it is a question of law. Our objective when interpreting a statute is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the statute's plain language. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. When the statute's language is unambiguous, the legislature's clearly expressed intent must be given effect, and we do not need to go beyond the statute's plain language to consider other rules of statutory construction.

*State v. Taylor*, 160 Idaho 381, 385, 373 P.3d 699, 703 (2016) (citing *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015)) (internal citations and quotation marks omitted).

### V. ANALYSIS

3

**A.    The Commission erred in awarding attorney's fees to Salinas.**

The Employer and Surety argue that the Commission erred in awarding attorney's fees to Salinas because the Employer and Surety owed no payment of compensation to Salinas; thus, regardless of the Commission's finding of unreasonable conduct, no basis existed for the award of attorney's fees under the plain language of Idaho Code section 72-804. Salinas did not participate in briefing.

Idaho Code section 72-804 provides as follows:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

I.C. § 72-804. In sum, the statute provides for the award of attorney's fees against an employer or surety in three instances. Only the third instance is relevant to this appeal; that is, whether an employer or surety "without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents." *Id.*

The Commission erred in awarding attorney's fees to Salinas because the plain language of Idaho Code section 72-804 does not support such an award. To award attorney's fees under the third instance of Idaho Code section 72-804 the Commission must determine that an employer or surety, without reasonable grounds, discontinued payment of compensation as provided by law justly due and owing. I.C. § 72-804. The plain language of the statute is clear: there must be payment that is justly due and owing to allow an award of attorney's fees, no matter how unreasonably an employer or surety acted. It follows then, that because the Commission found that Salinas was not entitled to payment of compensation it could not find that the Employer or Surety "discontinued payment of compensation as provided by law justly due and owing." Therefore, the Commission erred in awarding attorney's fees to Salinas.

### VI. CONCLUSION

We vacate the Commission's award of attorney's fees.

Justices EISMANN and HORTON **CONCUR.**

BURDICK, Chief Justice, dissenting

The majority reasons that the plain language of section 72-804 requires the commission to find Salinas was entitled to payment of compensation before the commission can find that Surety "discontinued payment of compensation as provided by law justly due and owing." Thus, the majority denies fees because it concludes that the Commission did not find that Salinas was due the "payment of compensation as provided by law," as required under Idaho Code section 72-804. While I concur in the majority's reading of section 72-804, I cannot concur in the majority's factual finding that the Commission did not find Salinas was entitled the "payment of compensation as provided by law."

In my opinion, the majority overlooks the fact that the Commission found that Salinas was entitled to the payment of compensation for medical treatment from the date of her injury until November 2011. Specifically, the Commission, by way of adopting the referee's findings of fact, found that the weight of the evidence suggests Salinas did not reach MMI until November 2011. Furthermore, the Commission found that during the period immediately following Surety's termination of medical benefits, Salinas, "should have been receiving medical care, and in fact, had appointments scheduled . . . ."

There is no doubt that on or about May 5, 2011, Salinas injured her back in the scope of her employment. Thus, Employer and Surety were obligated to provide reasonable medical care and treatment to Salinas "immediately after [her] injury . . . and for a reasonable time after." I.C. § 72-432. A reasonable time after is "as long as the condition and necessity for treatment exists." *Clevenger v. Potlatch Forests, Inc.*, 85 Idaho 193, 199, 377 P.2d 794, 798 (1963). Here, the commission found that the weight of evidence suggests MMI was not reached until November 2011 and that Salinas "should have been receiving medical care" at the time Surety discontinued paying for her medical treatment. "The furnishing to the injured employee of medical . . . treatment . . . may be treated as payment of compensation." *Id.* at 199, 377 P.2d at 798. Thus, Salinas was entitled to and was receiving "payment of compensation as provided by law justly due and owing" when Surety discontinued paying for her treatment. The Commission found this discontinuation was unreasonable. Accordingly, because there is substantial evidence to support the Commission's decision, I would affirm the Commission's award of fees. *Page v. McCain Foods, Inc.*, 155 Idaho 755, 760, 316 P.3d 671, 676 (2014) ("The decision that grounds exist for

5

awarding a claimant attorney fees [under I.C. § 72–804] is a factual determination which rests with the Commission." (alteration in original)).

Justice BRODY **CONCURS**.