BURDICK, Chief Justice,
dissenting
The majority reasons that the plain language of section 72-804 requires the commission to find Salinas was entitled to payment of compensation before the commission can find that Surety “discontinued payment of compensation as provided by law justly due and owing.” Thus, the majority denies fees because it concludes that the Commission did not find that Salinas was due the “payment of compensation as provided by law,” as required under Idaho Code section 72-804. While I concur in the majority’s reading of section 72-804,1 cannot concur in the majority’s factual finding that the Commission did not find Salinas was entitled the “payment of compensation as provided by law.”
In my opinion, the majority overlooks the fact that the Commission found that Salinas was entitled to the payment of compensation for medical treatment from the date of her injuiy until November 2011. Specifically, the Commission, by way of adopting the referee’s findings of fact, found that the weight of the evidence suggests Salinas did not reach MMI until November 2011. Furthermore, the Commission found that during the period immediately following Surety’s termination of medical benefits, Salinas, “should have been receiving medical care, and in fact, had appointments scheduled....”
There is no doubt that on or about May 5, 2011, Salinas injured her back in the scope of her employment. Thus, Employer and Surety were obligated to provide reasonable medical care and treatment to Salinas “immediately after [her] injury ... and for a reasonable time after.” I.C. § 72-432. A reasonable time after is “as long as the condition and necessity for treatment exists.” Clevenger v. Potlatch Forests, Inc., 85 Idaho 193, 199, 377 P.2d 794, 798 (1963). Here, the commission found that the weight of evidence suggests MMI was not reached until November 2011 and that Salinas “should have been receiving medical care” at the time Surety discontinued paying for her medical treatment. “The furnishing to the injured employee of medical ... treatment ... may be treated as payment of compensation.” Id. at 199, 377 P.2d at 798. Thus, Salinas was entitled to and was receiving “payment of compensation as provided by law justly due and owing” when Surety discontinued paying for her treatment. The Commission found this discontinuation was unreasonable. Accordingly, because there is substantial evidence to support the Commission’s decision, I would affirm the Commission’s award of fees. Page v. McCain Foods, Inc., 155 Idaho 755, 760, 316 P.3d 671, 676 (2014) (“The decision that grounds exist for awarding a claimant attorney fees [under I.C. § 72-804] is a factual determination which rests with the Commission.” (alteration in original)).
Justice BRODY concurs.